**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JAMES E. KING,                                          DOCKET NUMBER
             Appellant,                                 AT-0752-21-0271-I-1

             v.

DEPARTMENT OF THE ARMY,                                 DATE: June 28, 2022
             Agency.

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael I. Sheeter and Morgan Smith, Esquire, Dallas, Texas, for the
    appellant.

Mary Rae Dudley, Fort Gordon, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal.  On petition for review, the appellant argues that the administrative judge erred in sustaining the three charges of misconduct, erred in finding that he did not establish his affirmative defenses of harmful error, equal

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

employment opportunity (EEO) retaliation, and disability discrimination, and erred in finding that the penalty of removal was within the bounds of reasonableness. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's disparate penalty claim, we AFFIRM the initial decision.[2]

---

[2] To the extent that the appellant alleges that the agency committed harmful procedural error because it failed to provide him with due process rights, i.e. notice and an opportunity to respond, regarding its decision to decertify him from the Individual Responsibility Program (IRP), Petition for Review File, Tab 4 at 17, due process rights are not extended to an agency's discretionary decision to revoke a previously granted privilege. *See Holton v. Department of the Navy*, 123 M.S.P.R. 688, ¶ 29 (2016) (finding that the agency was entitled to revoke the appellant's privilege to report to duty, although he remained in a pay status, after a failed drug test without affording him due process), *aff'd*, 884 F.3d 1142 (Fed. Cir. 2018); *see, e.g.*, *Department of the Navy v. Egan*, 484 U.S. 518, 528-29 (1988) (observing that an employee does not have a right to a security clearance because granting of such a clearance is a discretionary act); *Gargiulo v. Department of Homeland Security*, 727 F.3d 1181, 1184-85 (Fed. Cir. 2013) (finding that, because an employee does not have a property interest in a security clearance, its revocation does not implicate due process). Because granting the IRP certification is a discretionary act by the agency, the agency has a right to revoke it without extending due process rights. The appellant did receive all appropriate due process rights regarding his removal from the Federal service, which was based, in part, on his failure to a maintain a condition of employment, namely the IRP certification.

¶2        The appellant has alleged below and on review that his first-line supervisor is a comparator and that the agency treated him more leniently for purposes of the penalty determination in this case.  Initial Appeal File (IAF), Tab 24 at 11, Tab 25 at 4; Petition for Review File, Tab 4 at 15-16.  Although not addressed in the initial decision, we find that the appellant has not proven this claim.

¶3        To establish disparate penalties, the appellant must show that the charges and the circumstances surrounding the charged behavior are substantially similar to those in the comparator's case.  *Archuleta v. Department of the Air Force*, 16 M.S.P.R. 404, 4007 (1983); *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305 (1981) (calling for a comparison with penalties "imposed upon other employees for the same or similar offenses").  As explained by the administrative judge in his analysis of the appellant's clam of retaliation for EEO activity, IAF, Tab 29, Initial Decision (ID) at 16-18, the circumstances surrounding the appellant's first-line supervisor's conduct are significantly different from the charges in this appeal.  Moreover, the proper inquiry is whether the agency knowingly treated employees differently "in a way not justified by the facts, and intentionally for reasons other than the efficiency of the service." *Facer v. Department of the Air Force*, 836 F.2d 535, 539 (Fed. Cir. 1988).  The appellant has not shown such treatment here.  Thus, he has not shown that his first-line supervisor is a proper comparator.

¶4        In any event, the consistency of the penalty with those imposed upon other employees for the same or similar offenses is simply one of a nonexhaustive list of 12 factors that are relevant for consideration in determining the appropriateness of a penalty.  *Douglas*, 5 M.S.P.R. at 305-06.  The deciding official and the administrative judge otherwise properly weighed those factors in finding the penalty of removal reasonable in this case.  ID at 21-23.

# NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.